Thomas Saunders *vs.* Elizabeth Robinson & others.

A. bought land of B. under a parol agreement; built a house thereon; occupied part of it, and leased the other part: B. mortgaged the land to C., with the knowledge and consent of A., and C. brought a writ of entry against A. and B. and A.'s lessee: A. disclaimed all title to the demanded premises, except the house: C. discontinued against B. and took a conditional judgment against A.'s lessee only; and on the writ of *habere facias,* which issued on that judgment, A. was removed from the house: After A.'s death, his widow and children took possession of the house, and C. brought a writ of entry against them: *Held,* that A.'s disclaimer, in the former action, was conclusive against their right to compensation, under the Rev. Sts. *c.* 101, § 19, for improvements made by him on the demanded premises. *Held also,* that they did not hold possession under a title which they had reason to believe good, and were therefore not entitled, under § 20 of that chapter, to compensation for improvements made by him.

WRIT of entry to recover a lot of land, with a dwelling-house thereon, in Lynn. The tenants pleaded *nul disseizin,* and entered on the record a claim, under Rev. Sts. *c.* 101, for

allowance for improvements made on the demanded premises by William P. Robinson, (under whom they claimed,) in case judgment should be rendered for the demandant. Trial before *Shaw*, C. J., who reported the case as follows:

It appeared that the tenants were the widow and the two minor children and heirs of William P. Robinson, deceased ; said two children appearing and defending by their mother, the other tenant, as their next friend and guardian.

Both parties admitted that the demanded premises formerly belonged to Henry A. Breed.

The demandant, to support his action, gave in evidence a mortgage deed made to him by Henry A. Breed, September 4th 1835, to secure payment of $1500. On that mortgage, it appeared that the demandant brought a suit, in 1838, against said Breed, the Nahant Bank, and the said William P. Robinson, under whom the tenants claim ; that in the progress of that suit, the demandant discontinued against Breed ; that Robinson filed a disclaimer as to all except the dwelling-house ; that the demandant took a conditional judgment against the Nahant Bank only, at April term 1839, and that as the money was not paid, the demandant sued out a writ of possession, and deliv ered it to the sheriff for service, by whom seizin and possession were delivered to the demandant on the 20th of June 1839.

The ground of defence taken by the tenants was, that in 1832, Henry A. Breed, being owner of the land, entered into a parol agreement with said William P. Robinson, to sell him the land for $300 ; that this sum was charged to said Robinson by said Breed, in account ; that Breed charged him at least one year's interest on said sum ; that this account was afterwards settled, by means of which the said sum was paid ; that in 1835 Robinson proceeded to build a double house on the land, at the cost of four or five thousand dollars ; that he had the lumber of said Breed ; but that it was charged to Robinson, as lumber sold : that Robinson employed the masons, painters and other mechanics, being himself a carpenter ; and that the house was built on his account.

It appeared that Robinson continued in the occupation of the

house, dwelling in part, and letting part, till July 20th 1839, when he was removed by the execution of the writ of possession before mentioned : That soon afterwards Robinson, with his wife and children, left Lynn, (whether for a permanency, or not, did not appear,) went to Boston for a short time, and thence to the State of Maine, where he died : That his wife, with her children, afterwards returned to Lynn, and by some means, which did not definitely appear, obtained possession of said house : That a process of forcible entry and detainer was instituted against her by the present demandant, which was formerly before this court, and which was decided against him, on the ground that no forcible entry or detainer was proved ; (5 Met. 343 ;) and afterwards this action was brought, viz. on the 22d of October 1842.

The defendants proposed to rely on their claim for improvements, and to be allowed for the value of the buildings erected on the premises by Robinson. Several objections were taken to the right of the defendants to go into proof of improvements. 1. It was testified by Henry A. Breed, that when he made the mortgage to the demandant, Robinson well knew the fact and consented thereto. 2. It was objected that the defendants were estopped from claiming for improvements, by the disclaimer of Robinson, under whom they claim, in the action before mentioned, which was brought in 1838. 3. It was objected that this claim for improvements was barred by the provision in the Rev. Sts. *c.* 101, § 50, excluding such claim when the action is brought by a mortgagee, or his heirs or assigns, against a mortgagor, or his heirs or assigns. 4. Another objection was, that on the 7th of October 1837, Robinson, by deed duly executed and recorded, conveyed all his estate and interest in the premises to Henry B. Newhall, who demised them, and collected some rent before June 20th 1839; and that this deed was outstanding when this action was brought. Said Newhall, on being called as a witness, testified to the execution and delivery of the deed to him ; but he further stated, that he gave no consideration for the conveyance ; that he took it at the request of Robinson, and considered himself as his agent in letting

the house and receiving the rent prior to the service of the writ of possession; and that he had, on the day of trial, quitclaimed, by deed, all his right and interest in the estate to Mrs. Robinson, one of the tenants. 5. It was objected that the execution of the writ of possession, in June 1839, by which the demandant was put into possession — although the judgment, as rendered, did not go against Robinson, and he was no party to that writ, and although Mrs. Robinson might afterwards have regained the possession without force — was such an interruption of the possession of the tenants, and him under whom they claim, within six years next before the commencement of this action, as to exclude their claim for improvements under Rev. Sts. *c.* 101, § 19.

These objections were overruled, for the purposes of the trial, and the tenants gave evidence tending to show, that in 1835 and 1836 the house was erected by Robinson ; that he employed the respective mechanics who worked on the same ; that, although the lumber came from Breed, yet it was charged to Robinson in account, and that the house was erected by him and at his expense ; that this was done with the knowledge of Breed, and without interference on his part. There also was evidence tending to prove that Breed had failed before Robi...- son's decease ; that no settlement of their accounts had been made ; that there were large transactions between them, and that each claimed a large balance against the other.

Whereupon the judge, being requested to express an opinion whether this claim for improvements was within the statute, proposed to direct the jury, that if they believed, upon the evidence, that Breed, being the owner of the land, made a parol agreement for the sale thereof to Robinson, and under that agreement Robinson, with the consent of Breed, entered and took possession, and afterwards built a house thereon, he must seek his remedy under the agreement; and that he could not afterwards, on that ground, set up a claim for improvements against the demandant, who came in under a deed from the former proprietor: That one who enters into possession of land, with the consent of the owner, under a bond or other con

tract or promise for a deed of conveyance, is a tenant and not a trespasser, and has not such a possession as will enable him to claim compensation for improvements, under Rev. Sts. *c.* 101, § 19: That such an entry and possession is not a holding under such a defective title, as the tenants' predecessor might have had reason to believe good, so as to entitle them to claim for improvements, under § 20 of said chapter.

The tenants thereupon waived their claim for compensation for improvements, and were defaulted, subject to the opinion of the whole court upon the correctness of the foregoing opinion. If the whole court are of opinion that this proposed direction to the jury was wrong, and that, notwithstanding the objections hereinbefore stated, the tenants are entitled to improvements, then the value of the improvements, and the value of the land without them, are to be ascertained according to law, in such manner as the court may direct, and judgment is to be entered accordingly; otherwise, a general judgment is to be entered for the demandant, on the default.

*Hallett*, for the tenants.

*Robert* & *Ward*, for the demandant.

WILDE, J. The only question for our present consideration is, whether the tenants are entitled to compensation for the value of any buildings or improvements made or erected on the premises by them or the person under whom they claim, according to the Rev. Sts. *c.* 101, § 19; for it is very clear that they have shown no legal title to the demanded premises, which can avail them in this action. It is true that William P. Robinson, the husband and father of the tenants, agreed to purchase the premises of Henry A. Breed, the owner; but the agreement was by parol, and he acquired no title thereby. Nor was his title by occupation valid against Breed, or the demandant to whom Breed conveyed the premises by a deed of mortgage, and (as it was testified at the trial) with the consent of Robinson. And besides; in an action afterwards commenced against him by the demandant, he disclaimed all title to the premises, except the dwelling-house by him erected thereon; and this undoubtedly is conclusive as to the legal title. The only question

therefore is, whether it is not conclusive also as to the claim for the value of the building and the improvements.

It was argued for the tenants, that the exception in the disclaimer was intended as a reservation of Robinson's claim for improvements, and that it ought to be so construed. The answer was, that no such intention is expressed, the reservation being of the house disconnected with the land, and so is to be considered as a claim of personal property ; that by the Rev. Sts. *c.* 101, § 21, when a tenant claims allowance for his improvements, he is bound to enter on the record a suggestion of such claim, with a request that the value of the improvements may be ascertained and allowed to him ; and that not having so claimed his improvements, he must be considered as having waived his claim under the statute. And our opinion is, that it must be so considered. We think the demandant has the same rights that he would have had if he had taken judgment against Robinson, as well as against the other defendants, in the former action. If Robinson had any right to the house, he might have removed it ; or if not, the only remedy he had, after his disclaimer, for his expenditures in the building of the house, was against Breed. Against the demandant he had no claim, legal or equitable, if it is true, as Breed has testified that it is, that the mortgage to the demandant was given with the knowledge and consent of the said Robinson.

If a party, having a lien upon property, stands by, encouraging the sale by the owner to a third person, without giving notice of his lien, he will not be allowed to enforce it against the purchaser, who purchased in the belief that he was to receive an unencumbered title. Such concealment is deemed fraudulent, and not to be countenanced by a court of equity.

The only remaining question is, whether the tenants have proved any such possession by themselves as entitles them to compensation for their improvements. And we think clearly that they have not. In the first place, they have not proved that they have made any improvements. And in the second place, if they have in fact made any improvements, they have failed to prove any such possession as would entitle them 'o compensa-

tion therefor under the Rev. Sts. *c.* 101. They have not had possession for the term of six years, and are not entitled to compensation under § 19 of that chapter. And they are not so entitled under § 20, because they have failed to prove that they held the premises under a title which they had reason to believe good. On the contrary, this seems to be satisfactorily disproved by the evidence. William P. Robinson was sued by the demandant for the recovery of the possession of the premises, and he thereupon disclaimed his title thereto, and quitted the possession, with his family. After this, it cannot be presumed that his widow and children could reasonably believe that they had a good title from him. On no ground therefore can the tenants claim ; and according to the agreement of the parties, we are to enter a general

*Judgment for the demandant*